■ In the Matter of GAYLE POLITO et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF KENT et al., Respondents.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of a judgment of the Supreme Court (Dickinson, J.), entered July 18, 1989 in Putnam County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Putnam County Department of Health granting approval for a proposed subsurface sewage disposal system.

In June 1987 Sally Katz, owner of the subject property, applied to respondent Zoning Board of Appeals of the Town of Kent (hereinafter the Board) for a lot width and area variance to permit her to reconstruct the dwelling which had existed on the property, but had been destroyed by fire 10 years earlier and had remained in a state of disrepair since that time. This dwelling was a one-story, three-bedroom frame house located on approximately one half of an acre of land. At the time of its acquisition, the deed gave Katz the perpetual

right to use water from a well that also supplied water to five adjacent property owners, two of whom are the petitioners in this proceeding. The Board granted the variances. Subsequently, on December 17, 1987, Katz applied to respondent Putnam County Department of Health (hereinafter respondent) for a permit to construct a subsurface sewage disposal system on the property. This application was initially denied upon a finding by respondent that the proposal violated the rules and regulations which respondent had adopted effective October 19, 1987, in respect to separation distances that must divide a trigalley from a water supply (150 feet minimum, and if a water supply serves five or more residents, making it a public water supply, the minimum separation distance must be 200 feet).

In reply to this denial, Katz advised respondent that she was not seeking a variance, but rather a permit to construct a subsurface sewage disposal system that complied with the provisions of the code as it existed at the time of the original construction, and she noted that the previous sewage system and waste lines that serviced the original construction still existed. On June 10, 1988, respondent reversed its initial denial and in a letter to one of petitioner's sons explained that "this is to be a pre-existing dwelling which can be rebuilt in accordance with standards and requirements in effect at the time it was originally constructed * * * [when] the 150 foot separation distance from a well to a tri-galley and the 200 foot separation distance from a community supply are not considered applicable". Additionally, respondent advised that it had reviewed and evaluated the proposed engineering plans and the property deed and that it had inspected the other properties served by the community well, including their sewage disposal systems, and found that they did not comply with the current standards. Respondent further determined that Katz had a deeded right to use the present well, and because a new well system was not proposed, Katz had to meet only the standards in effect at the time of the original construction.* Further, respondent stated that because of the size of the lot Katz would only be permitted to construct a two-bedroom dwelling instead of the three-bedroom dwelling that she had requested. Finally, respondent noted that based on its review

---

* Petitioners challenge this finding because the original water source was replaced by the present water system which was developed on the property of petitioner Pearl Putterman five years after the date of the Katz deed, but this is not an appropriate proceeding to determine the competing rights to the water system.

of all relevant factors it determined that the " 'old' standards [would] provide an adequate margin of safety and serve to protect the public health". Petitioners commenced this CPLR article 78 proceeding to annul the grant of the variances to Katz by the Board and the approval of the subsurface sewage disposal system by respondent. Supreme Court annulled the Board's determination, but denied petitioners' claims against respondent.

Petitioners appeal that part of the judgment which denied their claims against respondent. The regulations of respondent at issue here are by their terms made to "apply to any application for approval of a realty subdivision or individual building lot received by the Department on or after October 20, 1987". Despite this all-inclusive wording, respondent determined that in the circumstances the regulations do not apply to the application made by Katz, thus posing the issue of whether this determination is rational (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231). In effect, respondent held that the regulations have no applicability to the rebuilding or reconstruction of a home which predated their effective date and complied with the regulations in effect at the time of the original construction. Significantly, the regulations do not specifically provide for rebuilding or reconstruction of a preexisting dwelling. However, respondent's interpretation of the regulation, and certainly its application which entails an evaluation of all the relevant factual data and inferences to be drawn therefrom, appears to be a rational construction of respondent's own regulation and does not violate any specific provision of the regulation. Due to the in-depth review, the evaluation and the inspections conducted by respondent, and its conclusion that the public health will not be adversely affected by its determination, we conclude that the determination has a rational basis. Having so concluded, we find no merit in petitioners' further argument that respondent erred when it failed to require Katz to submit an application for a variance. We therefore affirm that part of the judgment appealed from.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.